IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

SARIENA DAVIS,

    Petitioner,

v.                                             Case No. 1:24-cv-00379

WARDEN, FPC Alderson,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 7). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson"), Petitioner filed the instant § 2241 habeas corpus petition alleging that the Federal Bureau of Prisons ("BOP") had violated federal statutes and regulations governing early release to pre-release custody and seeking immediate transfer to pre-release custody at a Residential Reentry Center ("RRC") under the First Step Act ("FSA") and the Second Chance Act ("SCA"). (ECF No. 1). On August 23, 2024, the undersigned entered an Order and Notice for the parties to brief the issues asserted in the petition. (ECF No. 4).

On September 25, 2024, Respondent filed a Response and Motion to Dismiss Petition asserting that Petitioner had not exhausted her available administrative remedies, that she does not have a protected liberty interest in pre-release custody placement, and that she is not otherwise entitled to the application of sentencing credit she had not yet earned under the FSA and SCA.  Petitioner's reply brief arguing that exhaustion of administrative remedies would be futile and that the BOP is still improperly executing the application of the credit she seeks and denying her earlier release to pre-release custody.  (ECF No. 9).  However, according to the BOP's inmate locator on its website, www.bop.gov, Petitioner has since been transferred to pre-release custody.  Thus, her requests for habeas corpus relief are moot.[1]

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  Thus, the power of the federal courts to adjudicate claims turns on the existence of a case or controversy.  U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006).  "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court

---

[1] Without leave of Court, Petitioner also filed a "proposed order" suggesting that she is entitled to summary judgment on her claims because Respondent "failed to submit a substantive response to Petitioner's allegations within the required timeframe."  (ECF No. 10 at 2).  However, Respondent's filing was a combined Response and Motion to Dismiss that most certainly addressed Respondent's positions concerning the merits of Petitioner's allegations.  Accordingly, should the presiding District Judge construe Petitioner's unauthorized and fugitive document as a motion for summary judgment, that motion should also be denied as moot.

lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Reg'l Jail Auth.*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). There are two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 198). First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149, (1975)). Neither exception applies here.

Petitioner is not challenging her conviction or sentence. Rather, her petition challenged the application of credit she has now already received and requested a transfer to pre-release custody, which she has now received. Thus, there are no collateral consequences at issue here. Moreover, there is no reasonable probability that Petitioner

will be returned to a federal prison to face the same alleged wrong and "mere speculation is not sufficient to meet this exception." *See Lara v. LeFever*, No. 1:22-cv-00588, 2023 WL 4782668, at *2 (S.D.W. Va. May 5, 2023), *report and recommendation adopted*, 2023 WL 4770116 (S.D.W. Va. July 26, 2023) (citing *Herrera v. Finan*, 709 F. App'x 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)).

As noted above, Petitioner has received her requested transfer to pre-release custody without any collateral consequences related to her request for such relief. *See, e.g., Malik v. Warden Loretto FCI,* No. 23-2281, 2024 WL 3649570, at *2 (3d Cir. Aug. 5, 2024) ("Because Malik had been released to prerelease custody, his request for release to such custody was moot."); *Putty v. Neely*, No. 723-cv-00778-ACA-HNJ, 2024 WL 1422733, at *5 (N.D. Ala. Feb. 28, 2024), *report and recommendation adopted*, 2024 WL 1421260 (N.D. Ala. Apr. 2, 2024) (claim for application of FSA credit and immediate transfer to pre-release custody was mooted by such transfer); *Calzada v. Trate*, No. 1:22-cv-01471-HBK (HC), 2023 WL 8022388, at *2-3 (E.D. Cal. Nov. 20, 2023) (granting respondent's Motion to Dismiss § 2241 habeas petition on mootness grounds after BOP transferred petitioner to pre-release custody as requested); *Brown v. Phelps*, No. 1:20-cv-2747-HMH-SVH, 2021 WL 413686, at *2-3 (D.S.C. Jan. 20, 2021) (recommending dismissal of petitioner's § 2241 habeas petition as moot "[b]ecause the court [could] no longer provide [p]etitioner the relief he seeks" and "there [was] no basis to find that either exception to the mootness doctrine applie[d]" where petitioner received requested transfer to home confinement or placement in an RRC) (collecting cases), *report and recommendation adopted*, 2021 WL 409855 (D.S.C. Feb. 4, 2021); *Parish v. Marques*,

No. 19-cv-1038 (NEB/TNL), 2019 WL 5624485 (D. Minn. Oct. 31, 2019) (dismissing petitioner's § 2241 habeas petition as moot after petitioner was transferred to RRC as requested).

This federal court is no longer able to grant Petitioner's requested relief in this habeas corpus action. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to her transfer to pre-release custody, as requested. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 7), and dismiss this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner c/o RRM Cincinnati, Residential Reentry Office, 36 E. 7th St., Suite 2107-A, Cincinnati, OH 45202.

July 18, 2025

Dwane L. Tinsley
United States Magistrate Judge

6